IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRANCE T. COLE,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>CHRISTOPHER MILLER,<br><br>　　　　　　Respondent. | No. 9:19-cv-01093-JKS<br><br>MEMORANDUM DECISION |

　　　　Terrance T. Cole, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254.  Cole is in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and incarcerated at Great Meadow Correctional Facility.  Respondent has answered the Petition, and Cole has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

　　　　In May 2014, Cole was charged with four counts of second-degree burglary in connection with four separate home invasions that occurred in March and April 2014.  Prior to trial, county court held a *Mapp*[1] hearing to determine the admissibility of evidence that was seized from Cole's residence.  After the hearing, the court suppressed evidence of a hammer, concluding that it was outside the scope of the warrant that authorized the search of Cole's residence and its seizure was not justified by the plain view doctrine.  Approximately one month later, the People moved to reargue, contending that the court erred in its application of the plain

---

[1] 　　*Mapp v. Ohio*, 367 U.S. 643 (1961) (a short-hand reference to excluding evidence obtained as a result of an unconstitutional search and seizure).

view doctrine. The court granted the motion and, upon reargument, reversed its suppression decision.

Several of the homeowners testified at trial, including Dora Febus. Febus testified that she recognized Cole from his arrest photograph on the police Facebook page. According to Febus, Cole rang her doorbell about a week before her home was burglarized. When she opened the door, Cole asked if a particular person was there, but before Febus could respond, Cole turned and fled. Febus recalled that Cole had been carrying a satchel. Cole moved to suppress Febus's identification testimony at trial, arguing that the prosecution failed to provide notice of the identification prior to trial, and that the identification was the product of an impermissible police-initiated identification. The court denied the motion.

Cole testified on his own behalf. He admitted that he was unemployed and addicted to heroin during the time period in question. He further agreed that he possessed all of the stolen items, but said that a man known to him as "Jay" had sold him the items in exchange for drugs. Cole also acknowledged that the hammer was his, but he did not know why it was in the same bag as the items given to him by Jay. He further denied knocking on Febus's door.

At the conclusion of trial, the jury convicted Cole of all charges. The county court subsequently sentenced Cole as a persistent violent felony offender to four concurrent and indeterminate terms of 20 years to life imprisonment.

Through counsel, Cole appealed his conviction, arguing that: 1) the trial court erred in refusing to suppress Febus's identification testimony; 2) the trial court erred in instructing the jury that they were permitted to infer guilt from Cole's recent and exclusive possession of the stolen goods; 3) the evidence was legally insufficient, and the verdict was against the weight of

the evidence; 4) the trial court erred in granting the People's motion to reargue the pretrial ruling as to the hammer; and 5) his sentence was harsh and excessive.  The Appellate Division of the New York Supreme Court unanimously affirmed Cole's conviction in a reasoned opinion issued on June 14, 2018.  *See People v. Cole*, 78 N.Y.S.3d 783, 790 (N.Y. App. Div. 2018).  The Court of Appeals summarily denied leave to appeal on September 12, 2018.  *People v. Cole*, 111 N.E.3d 1002, 1002 (N.Y. 2018).

Cole then timely filed the instant *pro se* Petition for a Writ of Habeas Corpus to this Court on August 26, 2018.  Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Cole argues, as he did on direct appeal, that: 1) the trial court erred in refusing to suppress Febus's identification testimony; 2) the trial court erred in admitting the hammer into evidence under the plain view doctrine; 3) the trial court erred in instructing the jury that they were permitted to infer guilt from Cole's recent and exclusive possession of the stolen goods; 4) the evidence was legally insufficient to sustain his convictions; and 5) his sentence is harsh and excessive.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).  A state-court decision is contrary to federal law if the state court applies a rule that

contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for

not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

**Ground 1.**   *Evidentiary Error–Improper Identification Testimony*

Cole first argues that the trial court erred in declining to suppress Febus's identification testimony. On direct appeal, the Appellate Division agreed that the trial court erred in permitting Febus to identify Cole as the person who came to her home prior to the burglary because the prosecution failed to provide Cole notice pursuant to New York Criminal Procedure Law

("CPL") § 710.30(1)(b).[2] *Cole*, 78 N.Y.S.3d at 787. The appellate court nonetheless concluded that "the error was harmless because Febus' identification of [Cole] was not necessary to his conviction in light of the other significant evidence linking him to the four burglaries and associated thefts, including his sale of items that had been stolen and recovery of other items upon a lawful search of his home." *Id.* at 788.

Cole fares no better on federal habeas review. The Supreme Court has acknowledged its "traditional reluctance to impose constitutional restraints on ordinary evidentiary rulings by state trial courts." *Crane v. Kentucky*, 476 U.S. 683, 689 (1986). The Supreme Court has further made clear that federal habeas power does not allow granting relief on the basis of a belief that the state trial court incorrectly interpreted the state evidence code in ruling on the admissibility of evidence. *Estelle*, 502 U.S. at 72 (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). A petitioner seeking habeas relief from an allegedly erroneous evidentiary ruling bears the burden of establishing that the evidentiary error deprived the petitioner of due process because it was so pervasive that it denied the petitioner a fundamentally fair trial. *See Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985).

Here, Cole's evidentiary error claim is based on a New York state law mandating that certain identification testimony be noticed. Cole argues, as he did on direct appeal, that because

---

[2]   That provision provides, in relevant part, that within 15 days of arraignment the People must serve upon the defendant notice of their intent to offer at trial "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him or her or a pictorial, photographic, electronic, filmed or video recorded reproduction of him or her as such." N.Y. CRIM. PROC. L. § 710.30(1)(b).

notice was not given, the identification testimony should have been suppressed. But as this argument involves only the application of state law and does not present any constitutional issues, it does not provide a basis for habeas review. *See, e.g.*, *Green v. Kirkpatrick*, No. 9:16-CV-1407, 2017 WL 4174794, at *6 (N.D.N.Y. Sept. 19, 2017) ("Regarding Petitioner's claims that the trial court should have precluded the victim's call to 911 and a photo array identification because the prosecutor failed to serve timely notice of intent to offer this evidence at trial under CPL § 710.30, the Court dismisses these claims as not cognizable because they involve only the prosecution's alleged failures to comply with a state procedural rule."); *see also Arroyo v. Racette*, No. 6:15-CV-06177, 2016 WL 5468112, at *3 (W.D.N.Y. Sept. 29, 2016) ("To the extent that petitioner argues that the state statute was violated because the People failed to serve a proper § 710.30 notice, that claim is not cognizable on habeas review."). Having failed to present a constitutional issue, Cole is not entitled to relief on this ground.

**Ground 2.**     *Illegal Search and Seizure*

Cole next contends that the trial court erred in admitting under the plain view doctrine evidence of the hammer that was seized from Cole's residence. Any challenge to the admissibility of that evidence, however, is foreclosed by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1975). Under *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim,[3]" federal habeas corpus relief will not lie

---

3       The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

for a claim that evidence recovered through an illegal search or seizure was introduced at trial. *Id.* at 482. The *Stone v. Powell* doctrine applies to all Fourth Amendment claims, including claims of illegal stops, arrests, searches, or seizures based on less than probable cause, and it applies regardless of the nature of the evidence sought to be suppressed. *Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983) (per curiam).

       The Second Circuit has made clear that all *Stone* requires is that the State provide a petitioner the opportunity to litigate his Fourth Amendment claim. *See McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 69-70 (2d Cir. 1983). To receive habeas review of a Fourth Amendment claim, a petitioner must demonstrate either that the State failed to provide any "corrective procedures" by which Fourth Amendment claims could be litigated, or that the State had such procedures in place but that the petitioner was unable to avail himself of those procedures "because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). A "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process," and thus is insufficient to give this Court authority to review Fourth Amendment claims. *Id.* at 72. That New York has in place such procedures is well-settled, and the record reflects that Cole had an opportunity to fully adjudicate the matter in state court. *See id.* at 70 & n.1. Cole is therefore not entitled to relief on this ground.

---

U.S. CONST. amend. IV.

**Ground 3.**   *Instructional Error*

Cole additionally avers that the trial court erred when it gave the jury a recent, exclusive possession charge with respect to counts 1, 2, and 3 of the indictment. According to Cole, because he was not found in possession of the stolen items until several weeks after these burglaries occurred, Cole argues that the instruction was inapplicable.

The propriety of a state court's jury instructions is ordinarily a matter of state law and does not raise a federal constitutional questions. *See Cupp v. Naughten*, 414 U.S. 141, 146 (1973); *Estelle*, 502 U.S. at 68. A challenged instruction violates the federal constitution if there is a "reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence." *Boyde v. California*, 494 U.S. 370, 380 (1990). The question is whether the instruction, when read in the context of the jury charges as a whole, is sufficiently erroneous to violate the Fourteenth Amendment. *Francis v. Franklin*, 471 U.S. 307, 309 (1985). This Court must also assume in the absence of evidence to the contrary that the jury followed those instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (noting the "almost invariable assumption of the law that jurors follow their instructions"); *see Francis*, 471 U.S. at 323-24 & n.9 (discussing the subject in depth).

It is well established that not only must the challenged instruction be erroneous, it must also violate some constitutional right, and it may not be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial record. *Estelle*, 502 U.S. at 72. This Court must also bear in mind that the Supreme Court has admonished that the inquiry is whether there is a reasonable likelihood that the jury applied the challenged instruction in a way

that violates the Constitution and that the category of infractions that violate "fundamental fairness" is very narrowly drawn. *Id.* at 72-73. "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process clause has limited operation." *Id*.

In this case, the Appellate Division determined that the instruction was proper under state law because "there was sufficient circumstantial evidence to permit the recent, exclusive possession charge to be given on all four counts of the indictment." *Cole*, 78 N.Y.S.3d at 789. This Court is bound by that determination. A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see West v. AT & T*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."). A determination of state law by a state intermediate appellate court is also binding in a federal habeas action. *See Hicks v. Feiock*, 485 U.S. 624, 629–30 & n. 3 (1988) (noting that state appellate court's determination of state law is binding and must be given deference).

This Court is unaware of, and Cole does not cite, any United States Supreme Court authority indicating that such instruction in these circumstances rises to the level of a federal constitutional violation. In the absence of any clearly established federal law on this issue, AEDPA relief is foreclosed. *See Carey*, 549 U.S. at 77. Indeed, federal law allows jurors to make such inferences. *See also United States v. DiGeronimo*, 598 F.2d 746, 754 (2d Cir. 1979) (jury could infer from a defendant's unexplained possession of recently stolen property that he participated in the theft.)

As noted above, an allegedly erroneous jury instruction only raises constitutional concerns if the instruction denied petitioner a fair trial. That cannot be claimed here. The trial court made clear that the inference of guilt drawn from recent and exclusive possession was only a permissive inference, meaning that the jury "may consider" it as evidence of guilt. The judge further explicitly instructed the jury as to their exclusive role in judging the facts, cautioned that the court's remarks did not constitute evidence in the case, and stressed that the potential inference did not in any way change the standard of proof. The instructions as given were not erroneous, and certainly did not deprive Cole of due process.

**Ground 4.** *Insufficiency of the Evidence*

Cole further argues that the evidence presented was legally insufficient to sustain his conviction. As articulated by the Supreme Court in *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard). This Court must therefore determine whether the New York court unreasonably applied *Jackson*. In making this determination, this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial. *Jackson*, 443 U.S. at 318-19. Rather, when "faced with a record of historical facts that supports conflicting inferences," this Court "must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution." *Id.* at 326.

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must take its inquiry by reference to the elements of the crime as set forth in state law. *Jackson*, 443 U.S. at 324 n.16. A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw*, 546 U.S. at 76; *see West v. AT&T*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted).

Cole argues, as he did on direct appeal, that the evidence was legally insufficient to support his conviction because the identification evidence was inadmissible, recent and exclusive possession is insufficient as a matter of law, and the fact that he was caught roughly a month after the first burglary meant that his possession was neither recent nor exclusive. The Appellate Division rejected those arguments as follows:

> We must determine only whether there was legally sufficient evidence connecting [Cole] to each of the four burglaries because all of the other elements were established by undisputed evidence establishing that personal property was stolen from each dwelling that had been forcibly entered without consent. As previously explained, recent and exclusive possession of the fruits of a burglary may raise an inference sufficient to support a conviction of burglary. The evidence was legally sufficient to support [Cole's] convictions based on the inference of guilt that arose from his possession of property that

> was stolen during the burglaries, including his sale of stolen property to two different pawnshops.

*Cole*, 78 N.Y.S.3d at 789 (citation omitted).

Viewing the evidence in the light most favorable to the prosecution, and in line with the *Jackson* sufficiency standards, there was abundant evidence from which a rational juror could have permissibly inferred that Cole possessed the stolen property because he committed the burglaries. As previously discussed, his challenges to the permissible inference based on recent and exclusive possession must fail. Accordingly, his possession of the items was sufficient evidence to support the jury's verdict.

As the Appellate Division acknowledged, a different verdict would not have been unreasonable "in light of [Cole's] testimony that he did not commit the burglaries, but came into possession of the victims' property, which he claimed he did not know was stolen, when he received it as payment upon the sale of illicit drugs." *Id.* at 789-90. Although it might have been possible to draw a different inference from the evidence, this Court is required to resolve that conflict in favor of the prosecution. *See Jackson*, 443 U.S. at 326. Cole bears the burden of establishing by clear and convincing evidence that these factual findings were erroneous. 28 U.S.C. § 2254(e)(1). He has failed to carry such burden. The record does not compel the conclusion that no rational trier of fact could have found proof that Cole was guilty of the burglaries, especially considering the double deference owed under *Jackson* and the AEDPA. Cole is therefore not entitled to relief on this ground.

**Ground 5.** <u>***Harsh and Excessive Sentence***</u>

Finally, Cole challenges his sentence as overly harsh and excessive. It is well-settled, however, that an excessive sentence claim may not be raised as grounds for federal habeas

corpus relief if the sentence is within the range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *Bellavia v. Fogg*, 613 F.2d 369, 373 (2d Cir. 1979) (setting mandatory sentences is solely the province of state legislature); *Hernandez v. Conway*, 485 F. Supp. 2d 266, 284 (W.D.N.Y. 2007) (excessive sentence claim does not present a federal question cognizable on habeas review where the sentence was within the range prescribed by state law). Although his 20 years to life sentence is admittedly severe, Cole has never disputed, and does not dispute here, that he was sentenced within the applicable range for persistent violent felony offenders.

And to the extent that Cole's claim could be construed to assert an Eighth Amendment claim of cruel and unusual punishment, he cannot prevail on that claim either. While the Supreme Court has stated that "[a] gross disproportionality principle is applicable to sentences for terms of years," it has further cautioned that it would be the "exceedingly rare" and "extreme" case which would involve a sentence which is "contrary to" or an "unreasonable application of" this principle. *Lockyer v. Andrade*, 538 U.S. 63, 72, 73 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment)); 28 U.S.C. § 2254(d)(1). "'[A] reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate' because 'the decision of a sentencing [court] is entitled to substantial deference.'" *Edwards v. Marshall*, 589 F. Supp. 2d 276, 290 (S.D.N.Y. 2008) (quoting *United States v. Persico*, 853 F.2d 134, 138 (2d Cir. 1988)). Here, the sentence imposed by the trial court and subsequently affirmed by the Appellate Division "does not remotely approach the realm of grossly disproportionate punishments." *Edwards*, 589 F. Supp. 2d at 291 n.11; *see*

*Lockyer*, 538 U.S. at 67-68, 77 (finding that, under California's Three Strikes law, a sentence of two consecutive terms of 25 years to life imprisonment for two counts of petty theft did not warrant relief under the AEDPA); *Rummel v. Estelle*, 445 U.S. 263, 285 (1980) (mandatory life sentence imposed under Texas statute upon defendant's third felony conviction, which was for obtaining $120.75 by false pretenses, did not constitute cruel and unusual punishment). Accordingly, this Court is without jurisdiction to reduce his lawful state sentence.

## V. CONCLUSION

Cole is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: April 6, 2021.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge